| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, <br> One Nationwide Plaza <br> Columbus, Ohio 43215 <br><br> Plaintiff, <br><br> v. <br><br> ON YOUR SIDE ADJUSTERS INC., <br> 615 Newton Lane <br> Gallatin, Tennessee 37066-8763 <br><br> AND <br><br> MR. JEREMY SNYDER <br> 615 Newton Lane <br> Gallatin, Tennessee 37066-8763 <br><br> Defendants. | Civil Action No.: <br><br> Judge: <br><br> JURY DEMAND |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND VIOLATION OF STATE STATUTES**

Plaintiff NATIONWIDE MUTUAL INSURANCE COMPANY ("Nationwide") brings this action against Defendants Mr. Jeremy Snyder ("Snyder") and ON YOUR SIDE ADJUSTERS INC. ("OYSA") (collectively, "Defendants"), alleging, based on actual knowledge with respect to itself and its own acts, and information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1.  This is a civil action for trademark infringement, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and/or Tennessee statutory and

common law. Nationwide seeks equitable and monetary relief from Defendants' willful, knowing, and bad-faith violations of Nationwide's trademark rights in its famous ON YOUR SIDE Marks (as further defined in Paragraph 24 herein) and taglines, which Nationwide has extensively used and promoted across multiple product lines, services, campaigns, events, and materials. Defendants—adversely situated to Nationwide in the insurance services industry—deliberately chose a name that appropriates and imitates Nationwide's longstanding use of its iconic ON YOUR SIDE Marks and taglines for insurance services. Defendants are well-aware of the source-identifying power of Nationwide's ON YOUR SIDE Marks and taglines. For instance, Defendants' website prominently declares YOU NEED AN ADVOCATE and repeatedly uses "ON YOUR SIDE" in a format and context that aims to emulate Nationwide's ON YOUR SIDE Marks and taglines. Additionally, by using Nationwide's famous ON YOUR SIDE Marks and taglines, Defendants are free-riding on the Nationwide's significant investment in developing the ON YOUR SIDE Marks and are causing Nationwide irreparable harm. Defendants' use of "ON YOUR SIDE" infringes Nationwide's long-established trademark rights, dilutes the distinctiveness of Nationwide's famous ON YOUR SIDE Marks and taglines, and constitutes unfair competition.

## THE PARTIES

2. Plaintiff Nationwide is a mutual insurance company organized under the laws of the State of Ohio with its principal place of business at One Nationwide Plaza, Columbus, Ohio, 43215.

3. Defendant OYSA is a Tennessee corporation with its principal place of business at 615 Newton Lane, Gallatin, Tennessee 37066-8763.

4. Defendant Snyder is a Tennessee resident and OYSA officer or representative.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Because Nationwide is a citizen of the State of Ohio, Defendants are citizens of the State of Tennessee, and the matter in controversy exceeds $75,000 exclusive of interest and costs, the Court also has jurisdiction under 28 U.S.C. § 1332. The Court has supplemental jurisdiction over Nationwide's state-law claims pursuant to 28 U.S.C. §§ 1367 and 1338(b) because they are substantially related to its federal claims and arise out of the same case or controversy.

6. This Court has general personal jurisdiction over Defendants based on their continuous and systematic contacts with Tennessee, as well as through their sale of services through adjusters in Nashville and Chattanooga, Tennessee, and various business activities in Tennessee.

7. This Court has specific personal jurisdiction over Defendants because Defendant OYSA is a Tennessee corporation and Defendant Snyder is a Tennessee resident. In addition, Defendants have purposefully availed themselves of the privilege of conducting business in Tennessee. Defendants (directly or through authorized agents) disseminate advertising featuring the mark that is the subject of this lawsuit to consumers located in Tennessee. Nationwide's claims arise, in part, out of Defendants' contacts with Tennessee.

8. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), as the Defendants conduct business within this district, and the acts giving rise to the asserted claims have occurred and are being committed in this district.

# FACTS

## Nationwide's Business and Its Products and Services

9. Founded in the mid-1920's by members of the Ohio Farm Bureau, Nationwide began operations as Farm Bureau Mutual. After years of growth and expansion, Farm Bureau Mutual changed its name in 1955 and continued its existing operations under the Nationwide Insurance® name.

10. Since 1955, Nationwide has continued to diversify its product and services offerings. Today, Nationwide is a global leader in the highly-competitive insurance and financial services sectors. It proudly offers a full range of insurance and financial services, including car, motorcycle, boat, homeowners, pet, farm, life and commercial insurance, as well as administrative services, annuities, mortgages, mutual funds, pensions, long-term savings plans and specialty health services. Directly or through its affiliates, Nationwide has more than 33,000 associates serving customers in every state and more than 59,000 agents and agency staff licensed to sell Nationwide's products and services.

11. Nationwide promotes its products, services, and trademarks extensively through virtually every available type of digital, broadcast, and print media, including but not limited to national, regional, and local print publications, billboards, signage, television, and the Internet.

## Nationwide's Famous ON YOUR SIDE Marks and Taglines

12. Use of the ON YOUR SIDE Marks and taglines permeates Nationwide's business.

13. Nationwide first used a mark incorporating NATIONWIDE IS ON YOUR SIDE at least as early as 1966. Also, in or about 1970, the company adopted the federally registered seven-note jingle, which is often accompanied by the tagline NATIONWIDE IS ON YOUR SIDE and which consumers continue to associate with Nationwide.

4

14. The Nationwide jingle and accompanying tagline have been used continually for decades. Throughout the years the jingle and tagline have been sung or spoken by a number of celebrities and heard by millions. Today, the jingle and tagline are heavily incorporated into Nationwide's television and radio advertising. Nationwide will file separately with the Clerk's office as Exhibit A on compact disc a copy of the "Brand New Belongings" commercial, which is a representative example of Nationwide's use of the jingle and tagline.

15. In addition to the NATIONWIDE IS ON YOUR SIDE mark and tagline, Nationwide has promoted the ON YOUR SIDE Marks in conjunction with advertisements disseminated in association with numerous sponsorship and promotional efforts on both the national and local levels.

16. Further, Nationwide uses the ON YOUR SIDE Marks and taglines in association with the goods and services offered as part of its property repair network and auto repair network, amongst other offerings. Collectively, these networks offer an array of insurance-related services, including adjusting services and claims administration.

17. Since 2009, Nationwide has invested hundreds of millions of dollars in marketing, including but not limited to expansive television, radio, digital and print marketing and sponsorships, the majority of which include the ON YOUR SIDE Marks.

18. In addition to its marketing and promotional advertising, Nationwide also uses the ON YOUR SIDE Marks in connection with its customer service. The 1-877-ON YOUR SIDE mark is prominently displayed on Nationwide's website and reinforces the ON YOUR SIDE promise Nationwide makes to its members.

19. Additionally, the ON YOUR SIDE Mark serves as a portion of the domain name for the login to Nationwide's online customer center (nationwideonyourside.com). Even

consumers who have not purchased Nationwide's goods and services will associate the ON YOUR SIDE Marks in the domain name for Nationwide's online customer center with Nationwide.

20. As evidenced by at least the examples in the preceding paragraphs, Nationwide has expended significant resources in advertising and promoting its ON YOUR SIDE Marks through a variety of channels. Over the past five years alone, Nationwide has invested hundreds of millions of dollars in advertising and other activities to promote its ON YOUR SIDE Marks and Nationwide's services offered under those marks. Nationwide's trademarks have been seen by millions of consumers worldwide, accounting for hundreds of millions of impressions.

21. As a result of Nationwide's extensive advertising and promotion, the ON YOUR SIDE Marks enjoy substantial goodwill and are intellectual property rights of considerable value. Nationwide vigilantly protects these assets.

### Nationwide's Trademark Registrations for the ON YOUR SIDE Marks

22. Nationwide owns the NATIONWIDE mark and trade name, as well as many additional marks which are used in connection with its products. Nationwide's marks identify Nationwide as the source of its services. Likewise, Nationwide's marks assure consumers they are purchasing services of the highest quality.

23. Nationwide owns a number of federal trademark registrations for the ON YOUR SIDE Marks for use in connection with various insurance-related and financial services. Examples include, without limitation, ON YOUR SIDE, NATIONWIDE IS ON YOUR SIDE, 1-877-ON YOUR SIDE, NATIONWIDE ON YOUR SIDE, ON YOUR SIDE AUTO REPAIR NETWORK, NATIONWIDE ESTA DE TU LADO, and ESTA DE TU LADO (collectively, the

6

Case 3:14-cv-00586    Document 1    Filed 02/28/14    Page 6 of 17 PageID #: 6

"ON YOUR SIDE Marks").[1] A chart of registration numbers, filing dates, dates of first use, and goods and services information is attached to this Complaint as Exhibit B. Copies of the certificates of registration for the ON YOUR SIDE Marks are attached to this Complaint as Exhibits C-J.

24. Nationwide first used ON YOUR SIDE (alongside other terms) in commerce forty-eight (48) years ago in 1966.

25. Nationwide first used the ON YOUR SIDE mark standing alone and independent from other terms as early as 1999.

26. Nationwide has continuously used ON YOUR SIDE (alongside other terms and standing alone) since 1966 and now prominently uses the ON YOUR SIDE Marks in connection with nearly all of its insurance and financial services. Thus, Nationwide has extensively and exclusively used its ON YOUR SIDE marks for over 45 years.

27. The NATIONWIDE IS ON YOUR SIDE, ON YOUR SIDE, and 1-877-ON YOUR SIDE marks (Registration Nos. 1,793,850, 3,038,893, and 3,129,439, respectively) are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus provide conclusive evidence of the validity of these marks, Nationwide's ownership of these marks, and Nationwide's exclusive right to use these marks in commerce in connection with the services specified in the registration.

28. Apart from the incontestable registrations, Nationwide's remaining ON YOUR SIDE Marks, as listed in Paragraph 24 (*see also* Exhibits C-J), are valid and in full force and effect, and provide *prima facie* evidence of the validity of the ON YOUR SIDE Marks and the respective registrations, Nationwide's ownership of the ON YOUR SIDE Marks, and

---

[1] The Spanish wording "ESTA DE TU LADO" translates into English as "IS ON YOUR SIDE".

Nationwide's exclusive right to use the ON YOUR SIDE Marks in commerce in connection with the services specified in the registrations.

### Defendants and Their Wrongful Acts

29. Defendants OYSA and Snyder filed a commercial registration for the business name ON YOUR SIDE ADJUSTERS, INC. with the Tennessee Secretary of State on November 13, 2012.

30. Defendants began operations under the ON YOUR SIDE ADJUSTERS, INC. name with knowledge of Nationwide's longstanding use of the ON YOUR SIDE Marks and taglines. Despite their knowledge, since at least 2012, and possibly earlier, Defendants have used the name ON YOUR SIDE ADJUSTERS, INC. in conjunction with its insurance-related service offerings. Defendants OYSA and Snyder continue to use the name ON YOUR SIDE ADJUSTERS, INC. in conjunction with their insurance-related service offerings.

31. Defendants use the ON YOUR SIDE ADJUSTERS INC. logo prominently in connection with their promotional efforts. This is the logo:



32. The ON YOUR SIDE ADJUSTERS INC. logo is used on Defendants' website, FACEBOOK page, letterhead, and in connection with various promotional materials. In the logo, the defendants have visually and conceptually separated the phrase "On Your Side" from

the "Adjuster's Inc." portion of the name by placing the phrase on a separate line, using red coloring for the phrase, using a larger font for the phrase, and using a red crescent to separate the phrase from the "Adjuster's Inc." portion of the name. A print out of the OYSA website and FACEBOOK page as of August 30, 2013 are attached to this Complaint as Exhibits K and L, respectively.

33. Defendants prominently feature the "ON YOUR SIDE" name on its FACEBOOK page—including phrases such as "We're 'On Your Side Adjusters' and our adjusters will get you all your money."—thus infringing on Nationwide's famous ON YOUR SIDE Marks and taglines.

34. In certain FACEBOOK posts and picture galleries, OYSA posts pictures of burning buildings, hail-struck cars, flooded roadways, lightning strikes, and tornados, amongst other things, and proclaims that these photos represent "Some of the times that you might need us 'On Your Side[.]'" In doing so, Defendants imitate the imagery depicted in at least one of Nationwide's television commercials (which concludes with Nationwide's famous NATIONWIDE IS ON YOUR SIDE mark/tagline), thereby misappropriating Nationwide's goodwill. Nationwide will file separately with the Clerk's office as Exhibit M a copy on compact disc of this particular commercial.

35. Even Defendants' domain name—onyoursideadjusters.com—misappropriates Nationwide's ON YOUR SIDE mark, and is confusingly similar to the domain name for the portal to Nationwide's online customer center (nationwideonyourside.com).

36. Defendants are steadfast and uncompromising in their use of names and phrases that tread upon Nationwide's intellectual property and goodwill, and thus free-ride upon the

9

significant investment Nationwide has expended in its advertising campaigns. Defendants have stated they have absolutely no intention to stop these activities.

37.     On April 10, 2013, Nationwide sent Defendants a cease-and-desist letter. The letter clearly informed Defendants of Nationwide's rights, thereby putting Defendants on notice of their wrongful conduct. Additionally, Nationwide asked Defendants to stop using "On Your Side" in their name and website. A copy of the April 10, 2013 letter is attached as Exhibit N.

38.     On April 20, 2013, Defendant Snyder responded to Nationwide's cease-and-desist letter. A copy of the response letter is attached as Exhibit O. In the letter, Snyder defiantly responded that "[Defendants] have no intent to change our corporate name or discontinue the use of such name[.]"

39.     On May 30, 2013, Nationwide responded to Defendant Snyder's April 20 letter, reiterating its position that Defendants' use of "On Your Side" infringes Nationwide's ON YOUR SIDE Marks. After noting that Defendants stated they intend to continue using "On Your Side" over Nationwide's objection, Nationwide again requested that Defendants discontinue use of "On Your Side" in their name and website domain name. A copy of Nationwide's May 30, 2013 letter is attached as Exhibit P.

40.     Defendants did not respond to Nationwide's May 30 letter.

41.     On July 19, 2013, Nationwide sent a final follow-up letter to Defendants in an attempt to resolve the dispute prior to filing this Complaint. In the letter, Nationwide noted that a new company, National Claim Managers, Inc., had been formed at the same address Defendant OYSA currently occupies, and asked for confirmation whether Defendants intended to discontinue using the "On Your Side" name. The letter requested a response by July 31, 2013. A copy of Nationwide's July 19, 2013 letter is attached as Exhibit Q.

10

42.     In an emailed response on July 29, 2013, Defendant Snyder responded by attaching his original response and adding that "[Defendants'] position has not and will not change without a court order" and reiterated "[Defendants] have no intention of discontinuing the use of the name On Your Side Adjusters, Inc." A copy of Snyder's email is attached as Exhibit R.

43.     As Defendants' previous and ongoing conduct demonstrates, Defendants have refused to stop using "On Your Side" in their name and website domain name. In fact, the July 29, 2013 email response to Nationwide's July 19 letter shows that Defendants refuse to resolve this matter without court intervention.

### Injury to Nationwide and the Public

44.     Defendants' unauthorized use of Nationwide's ON YOUR SIDE Marks and taglines is likely to cause confusion, mistake, and deception as to the source or origin of Defendants and/or its products, and is likely to falsely suggest a sponsorship, connection, or association of Defendant OYSA, its products, its services, and/or its commercial activities with Nationwide.

45.     Defendants' unauthorized use of Nationwide's ON YOUR SIDE Marks and taglines has damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Nationwide and Nationwide's ON YOUR SIDE Marks and taglines.

46.     Defendants' unauthorized use of Nationwide's ON YOUR SIDE Marks and taglines has irreparably injured, and, if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion.

47.     Defendants' unauthorized use of Nationwide's ON YOUR SIDE Marks and taglines is likely to dilute the distinctiveness and value of Nationwide's famous ON YOUR SIDE Marks and taglines.

## COUNT I
## Trademark Infringement Under Section 32(1) the Lanham Act, 15 U.S.C. § 1114(1)

48. Nationwide repeats and realleges each and every allegation set forth in the foregoing paragraphs.

49. Without Nationwide's consent, Defendants used and continue to use in commerce reproductions, copies, and colorable imitations of Nationwide's registered ON YOUR SIDE Marks and taglines in connection with the offering, distribution, and/or advertising of goods and services, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

50. Defendants' acts infringe at least those registered trademarks identified herein.

51. Defendants' acts tread upon the goodwill associated with Nationwide's registered trademarks, causing serious and irreparable injury to Nationwide, which has no adequate remedy at law.

52. Defendants' acts complained of herein are willful and done with the intention of causing confusion, mistake, or deception. Additionally, Defendants have actual knowledge of Nationwide's rights, which, in part, demonstrates their wrongful acts are undertaken in bad faith.

## COUNT II
## Trademark Infringement, False Designation of Origin, Passing Off, and Unfair Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

53. Nationwide repeats and realleges each and every allegation set forth in the foregoing paragraphs.

54. Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant OYSA, its products, its services, and/or its commercial activities by or with Nationwide, and thus constitute

trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## COUNT III
### Trademark Dilution Under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

55. Nationwide repeats and realleges each and every allegation set forth in the foregoing paragraphs.

56. Nationwide's ON YOUR SIDE Marks and taglines are famous, as that term is used in 15 U.S.C. § 1125(c), and were famous before Defendants' first use of the ON YOUR SIDE Marks and taglines, based on, among other things, the inherent distinctiveness and federal registration of Nationwide's ON YOUR SIDE Marks and taglines and the extensive nationwide use, advertising, promotion, and recognition of these marks.

57. Defendants' actions, as described above, are likely to dilute the distinctive quality of Nationwide's famous ON YOUR SIDE Marks and taglines by blurring in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), as amended by the Trademark Dilution Revision Act of 2006.

## COUNT IV
### Trademark Dilution Under the Tennessee Trademark Act of 2000, Tenn. Code. Ann. § 47-25-513

58. Nationwide repeats and realleges each and every allegation set forth in the foregoing paragraphs.

59. Nationwide's ON YOUR SIDE Marks and taglines are famous, as that term is used in Tenn. Code. Ann. § 47-25-513, and were famous before Defendants' first use of the ON YOUR SIDE Marks and taglines, based on, among other things, the inherent distinctiveness and federal registration of Nationwide's ON YOUR SIDE Marks and taglines and the extensive nationwide use, advertising, promotion, and recognition of these marks.

60. Defendants' actions, as described above, are likely to dilute the distinctive quality of Nationwide's famous ON YOUR SIDE Marks and taglines by blurring in violation of Tenn. Code. Ann. § 47-25-513.

## COUNT V
### Unfair or Deceptive Acts in Violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104

61. Nationwide repeats and realleges each and every allegation set forth in the foregoing paragraphs.

62. Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Nationwide, or as to the origin, sponsorship, or approval of Defendant OYSA, its products, its services, and its commercial activities by or with Nationwide such that Defendants' acts constitutes an unfair or deceptive act under Tenn. Code Ann. § 47-18-104.

## PRAYER FOR RELIEF

WHEREFORE, Nationwide prays for a judgment against Defendants as follows:

(A) An Order declaring that Defendants' use of ON YOUR SIDE infringes and dilutes Nationwide's ON YOUR SIDE Marks, and constitutes unfair competition under federal and/or state law, and unfair or deceptive acts under state law, as detailed above.

(B) A permanent injunction enjoining Defendants and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them from:

(1) advertising, displaying, or promoting any product or service by using Plaintiff's registered trademarks, unregistered trademarks, or trade dress, or any designation confusingly similar thereto; or

(2) using, registering, or seeking to register "ON YOUR SIDE" or any other similar variants thereof, either as a trademark or trade name;

(3) representing by any means whatsoever, directly or indirectly, that Defendants, any products or services offered by Defendants, or any activities undertaken by Defendants, are associated or connected in any way with Nationwide or sponsored by or affiliated with Nationwide in any way; and

(4) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1)–(3) above.

(C) An Order directing Defendants to destroy all products, packaging, signage, advertisements, promotional materials, stationery, forms, and/or any other materials and things that contain or bear the phrase "ON YOUR SIDE" or any other marks, logos, designs, designations, or indicators that are confusingly similar to or dilutive of Nationwide's ON YOUR SIDE Marks and taglines in accordance with 15 U.S.C. § 1118 and other applicable laws, including, but not limited to, Tenn. Code. Ann. §§47-25-513, 47-25-514, and 47-18-108.

(D) An Order requiring Defendants to disseminate pre-approved corrective advertising and send pre-approved letters to all customers, agents, and representatives to address the likely confusion and dilution caused from its use of Nationwide's ON YOUR SIDE Marks and taglines.

(E) An Order directing that, within thirty (30) days after the entry of the injunction, Defendants file with this Court and serve on Nationwide's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and related orders.

(F) An Order requiring Defendants to account for and pay to Nationwide any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws, including, but not limited to, Tenn. Code. Ann. §§ 47-25-513, 47-25-514, and 47-18-108.

(G) An Order requiring Defendants to pay Nationwide damages caused by the foregoing acts in an amount as yet undetermined, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws, including, but not limited to Tenn. Code. Ann. §§ 47-25-513, 47-25-514, and 47-18-108.

(H) An Order requiring Defendants to pay Nationwide all of its litigation expenses, including reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117 and other applicable laws, including, but not limited to Tenn. Code. Ann. § 47-25-514.

(I) An Order requiring Defendants to pay Nationwide punitive damages for trademark infringement and unfair competition under Tennessee common law.

(J) Other relief as the Court may deem appropriate.

## JURY DEMAND

Nationwide respectfully demands a trial by jury on all issues properly triable by a jury in this action.

Dated: February 28, 2014

Respectfully submitted by:

*[signature]*

Salvador M. Hernandez (BPR# 20121)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
615-320-3700
625-320-3737 (facsimile)
shernandez@rwjplc.com

*Attorneys for Plaintiff*
NATIONWIDE MUTUAL INSURANCE COMPANY