UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
|     Plaintiff ) | |
| ) | No. 3:14-0586 |
| v. ) | Judge Trauger/Brown |
| ) | **Jury Demand** |
| ON YOUR SIDE ADJUSTERS, INC., ) | |
| and JEREMY SNYDER, ) | |
| ) | |
|     Defendants ) | |

### O R D E R

This matter has been assigned to the undersigned for case management and for a report and recommendation on any dispositive matter (Docket Entry 19).

As an initial matter, the Magistrate Judge will note that the 92-page complaint lists Exhibits A through R with no description whatever as to what these exhibits are. Additionally, Exhibit B is filed sideways and should be corrected when refiling the complaint and exhibits. This is in violation of the Court's ECF instructions and local counsel should certainly know better. Counsel will forthwith file a new complaint properly describing the exhibits.

The Defendants in this matter have attempted to file a motion to dismiss with prejudice for lack of proper service (Docket Entry 17). The memorandum accompanying this motion alleges that the process server served only a summons and did not serve the 92-page complaint that accompanied it. The Magistrate Judge would note as an initial matter that if this motion were valid it would not

result in a dismissal with prejudice as the Plaintiffs could simply reserve a proper complaint.

Insofar as the motion to dismiss is filed on behalf On Your Side Adjusters, Inc., it cannot be considered. A corporation must be represented by an attorney and there is no indication that Defendant Snyder is an attorney. Even though Defendant Snyder may be the sole stockholder and/or president or CEO of the corporation, he cannot represent it. The law is crystal clear that a corporation or other artificial entity must be represented by an attorney. *See Terrell Demolition Inc. v. City of Cincinnati*, 786 F.2d 1166 (6th Cir. 1986). A copy of this decision is **attached** to this order.

The Magistrate Judge will wait to consider the motion to dismiss as to Defendant Snyder individually until such time as the Plaintiff has filed a response to Defendant Snyder's motion to dismiss (Docket Entry 17).

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

 **O TERRELL DEMOLITION INC. v. CITY OF CINCINNATI,**
**1986 U.S. App. LEXIS 22939** (Copy citation)

United States Court of Appeals for the Sixth Circuit
February 7, 1986
No. 86-3040 *

**Reporter:** 1986 U.S. App. LEXIS 22939 | 786 F.2d 1166

TERRELL DEMOLITION INC., DENNIS CONTRACTING INC., J.B.M. PLUMBING HEATING ELECTRICAL INC., Plaintiffs-Appellants v. CITY OF CINCINNATI, ET AL, Defendants-Appellees

**Notice: [1]** Not recommended for full-text publication Sixth Circuit Rule 24 limits citation to specific situations. Please see Rule 24 before citing in a proceeding in a court in the Sixth Circuit. If cited a copy must be served on other parties and the Court. This notice is to be *prominently* displayed if this decision is reproduced.

**Core Terms**

represented, appeal, proceed, motion, record

**Opinion**

BEFORE: KEITH, MARTIN and KRUPANSKY, Circuit Judges

ORDER

This matter is before the Court upon consideration of appellants' motion to proceed on the appeal in forma pauperis.

It appears from the record that on December 18, 1985, District Judge Spiegel denied the motion of the three corporate plaintiffs-appellants to proceed with their action as a pauper. It appears that the three corporations are represented by their president, Mr. Dennis Mullins. Mr. Mullins, on behalf of the three corporations, filed the notice of appeal. It does not appear that Mr. Mullins is an attorney. It does not appear from the records of this Court that an attorney has entered an appearance and is representing the appellants. A corporation may not appear otherwise than through an attorney and may not be represented by its president in federal court. *Southwest Exp. Co.* **[2]** , *Inc. v. I.C.C.,* 670 F.2d 53 (5th Cir. 1982); *United States v. 9.19 Acres of Land, Marquette Co., Mich.,* 416 F.2d 1244 (6th Cir. 1969).

It is ORDERED that the appeal be and hereby is dismissed.