FILED
2014 APR 10 PM 12: 29
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

# United States District Court
for the
Middle District of Tennessee

NATIONWIDE MUTUAL INSURANCE
COMPANY,

Plaintiff,

V.

ON YOUR SIDE ADJUSTERS INC.
and JEREMY SNYDER,

Defendant

Civil Action No. 3-14 0586

Judge Trauger

Magistrate Judge Brown

## MOTION FOR CLARIFICATION OF THIS COURT'S ORDER (DOCKET ENTRY 19) AND DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

### COURT CLARIFICATION REQUESTED

Defendant, Jeremy Snyder moves for the entry of an order clarifying this Court's order (Docket Entry 19), that states;

Defendant seeks clarification of the order regarding the section of the order that states that "Magistrate Judge will wait to consider the motion to dismiss as to defendant Snyder individually until such time as the Plaintiff has filed a response to Defendant Snyder's motion to dismiss (Docket Entry 17)."

On April 4th, 2014 Defendants On Your Side Adjusters Inc., and Jeremy Snyder were both served by Plaintiff and instructed that they had 21 days from that date to file an answer. Clarification is needed as to defendants requirements in fulling that

obligation being that defendant Jeremy Snyder's motion to dismiss (Docket Entry 17) is still undecided and pending within the court.

Defendant Snyder feels that the Plaintiff should not have served them with a demand requesting an answer to a lawsuit when a motion for dismissal of such lawsuit is still being considered by the court and Defendant feels that such lawsuit will be dismissed based on Plaintiffs violation of Federal Rule of Civil Procedure 4(C) which requires that the "summons must be served with a copy of the complaint". Defendant Snyder ask's the court to confirm that the 21 day obligation detailed in the Summons served on Defendant's on April 4th 2014, be disregarded.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

In response to Plaintiff's response, Defendant Snyder has attached supporting evidence to contest proper service and to prove that his Motion to Dismiss (Docket 17) should be granted under Federal Rule of Civil Procedures 12(B)(5).

1) Plaintiff states in their response, "Defendant must have been properly served because Defendant Snyder undertook a media campaign attacking the allegations in the very Complaint that he now claims was never served on him or his company."

Defendants Memorandum (Mem. at 11.) in support of the Motion to Dismiss (Docket Entry 18) clearly states the following, "In addition, Defendants have since

Page 2
Case 3:14-cv-00586  Document 41  Filed 04/10/14  Page 2 of 7 PageID #: 290

learned from various media outlets reporting on the case that this was in fact a complex trademark case."

Defendant Jeremy Snyder was told of the details of the case by multiple media outlets as was explained in the Defendants Memorandum (Mem. at 11.) in support of the Motion to Dismiss (Docket Entry 18) and he did not acquire any details of such case from the complaint in question as such complaint had not yet been served on either defendant at the time that the Motion to dismiss filing (Docket Entry 17) was made. Plaintiff's opinion and assumptions as to where Snyder and/or the Media got their information about the case, are without merit and therefore should be disregarded by the court.

2) Plaintiff states in their response, "Defendant Snyder's motion does not properly present any evidence to contest service, moreover, the affidavits submitted in support of this response provide pima facie proof that Nationwide properly served Defendant Snyder."

Defendant Snyder has read the affidavit of Cecilia Mccloyn and Lamar Hulin and his response is as follows. Defendant Snyder, was not there at the time Ceilia Mccloyn completed the tasks that she asserted that she completed within her affidavit and therefor Snyder cannot prove whether her statements within her affidavit are true or false however he can prove that he did not receive envelopes that were prepared in the way that Cecilia Mccloyn attests in her affidavit that she prepared two envelopes.

Defendant Snyder, as well as two other witnesses were at the address of 615 Newton Lane, Gallatin TN 37066 on the date and at the time that Lamar Hulin served Defendants On Your Side Adjusters Inc., and Jeremy Snyder. It can be proven based on two eye witness affidavits that Defendants were never served their complaint by Lamar Hulin. Defendant Snyder has included the two witness affidavits from each, James Snyder and Carrie Snyder who were both inside of the home on February 28th 2014, when Defendant Jeremy Snyder walked back into the house, and before opening the envelopes he announced out loud that he was being sued.

Both witnesses saw the envelopes before they were opened and then saw the only two pieces of paperwork that came out of each envelope after they were opened. They both also heard Defendant Snyder mention several times that he was not even sure what he was supposed to answer as instructed of him in the summons because he did not know what he was being sued for. Both witnesses are willing to testify in a hearing in front of the court upon request.

In addition, Lamar Hulin does not acknowledge in his affidavit that he did in fact serve two envelopes which would have included at the minimum, close to 100 sheets of paper each if a single copy, and close to 200 sheets of paper each if a double copy. He simply says "I don't see how that can be true since the two envelopes I handed Mr. Snyder clearly contained more then two pieces of paper." While it is clear that 200 pages is far more then "two pieces of paper" it appears that Mr. Hulin left his description of the envelope very vague as a way to not actually assert one way or the

other as to whether or not the said envelopes included the Plaintiffs complaint or even if the envelopes he delivered had a similar thickness as to that of an envelope that would contain a 100 or 200 page complaint.

Mr. Hulin does not address Defendants Memorandum (Mem. at 11-13.) in support of the Motion to Dismiss (Docket Entry 18) that states the following "Defendants feel that with that type of case it is assumed that the complaint would be of substantial size and thickness and it would be hard for a process server to confuse such thickness of the complaint with that of the thickness of an envelope only containing two pieces of paper as served to Defendants."

Defendant Snyder does not feel that Mr. Lulin's statement should be considered by the court and requests that the court either disregard his affidavit in it's entirety or require Plaintiff to provide an affidavit from Mr. Lulin addressing the thickness and weight of the envelopes.

As a reference, the envelopes served to the defendants by the court on behalf of the plaintiff on April 4th 2014, which did contain a copy of the complaint were each over an inch in thickness and could be measured in pound or pounds, and would not just be measured in ounces as you would find if you weighed the envelopes that the Defendants were served by Mr. Lulins.

Defendant Snyder feels that in order for Mr. Lulins statement to be considered by the court he should be required to address the envelope thickness issue, and he should be required to give a clear statement as a process server who is very familiar

with the process and explain whether or not he feels that based on the thickness and the weight of the envelops that he served to the Defendants, could such envelopes have contained a 100 page complaint (1 copy) or 200 page complaint (2 copy) within each envelope.

## CONCLUSION

Defendant Snyder, strongly expresses his request for a more detailed affidavit to be completed by Mr. Lulin if his affidavit is to be considered by the court, and being that Mr. Lulin is the actual person who served Defendant Snyder, and is required under penalty of perjury to speak honestly within his affidavit. Defendant feels that Mr. Lulins honest answer to the envelope thickness question along with eye witness affidavits provided by Defendant will be enough evidence to prove to the court that the Defendant's On Your Side Adjusters Inc., and Jeremy Snyder were not properly served as required by Federal Rule Of Federal Procedure 4(c) "summons must be served with a copy of the complaint" and on those grounds Defendant asks that the court grant Defendant's Motion To Dismiss under Federal Rule Of Federal Procedure 12(b)(5) ("the motion")(Docket Entry 17) on grounds of "insufficiency of service of process."

The courts have held that personal jurisdiction is "the very bedrock of due process." McRae v. White, 269 App. 455, 604 S.E.2d 291 (2004). Personal jurisdiction is obtained through service of process, which is required in every lawsuit. Without proper service, no valid lawsuit arises.

In addition to the Federal Rule Of Federal Procedure 12(b)(5) ("the motion") (Docket Entry 17) on grounds of "insufficiency of service of process" Defendant would like to amend his Motion to Dismiss (Docket Entry 17) to add a defense of Federal Rule Of Federal Procedure 12(b)(6) "failure to state a claim upon which relief can be granted." As Defendant Snyder has proved that he did not receive a complaint from Plaintiff, Plaintiff could not have possibly provided Defendant with "a claim upon which relief could be granted" within the complaint and for that reason Defendant prays that the court will dismiss the case as described in Federal Procedural Guidelines, namely Federal Rule Of Federal Procedure 12(b)(5) and 12(b)(6).

Dated this 9th day of April, 2014

_____
Jeremy Snyder
On Your Side Adjusters Inc.
615 Newton Lane
Gallatin, TN 37066

Attention:
Salvador M Hernandez
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203