UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ON YOUR SIDE ADJUSTERS, INC., and MR. JEREMY SNYDER<br><br>　　　　Defendants. | Civil Action No.: 3:14-cv-00586<br><br>Judge Trauger<br><br>Magistrate Judge Brown |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO
DEFENDANT SNYDER'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

This case is a straightforward trademark infringement action that Plaintiff Nationwide Mutual Insurance Company ("Nationwide") filed only after Defendants Jeremy Snyder ("Snyder") and his company On Your Side Adjusters, Inc. ("OYSA") refused to cease and desist using Nationwide's ON YOUR SIDE mark "without a court order." (Am. Compl., Ex. R at 1.)

Confronting motions to strike his affirmative defenses and dismiss his counterclaims, Snyder has moved for leave to amend his answer rather than respond to Nationwide's arguments and legal authority. (Docket Entry 81 ("Motion for Leave to Amend").) Although Snyder claims that the proposed amendments cure his pleadings, the proposed amendments just repackage Snyder's deficient false advertising arguments and present other spurious, baseless defenses that will not absolve Snyder's liability. The proposed amendments, thus, do not remedy the legal errors raised in Nationwide's initial motions and cannot withstand a motion to dismiss

or strike thereby rendering his motion to amend futile. Accordingly, Nationwide respectfully requests that the Court deny Snyder's Motion for Leave to Amend.

## I. BACKGROUND

In April 2013, Nationwide sent Snyder and his company On Your Side Adjusters, Inc. ("OYSA") (collectively "Defendants"), a series of cease-and-desist letters requesting Defendants cease and desist from infringing Nationwide's famous and incontestable "On Your Side" trademark. (Am. Compl., Ex. P at 1–2.) Snyder responded by repeatedly stating that Defendants "have no intent to change our corporate name or discontinue use of such name" and would not cease infringing Nationwide's trademark "without a court order." (*Id.*, Ex. R at 1.) Left with no other choice, Nationwide sued Snyder and OYSA for trademark infringement, trademark dilution, and unfair competition in February 2014.

On April 24, 2014, Snyder filed an Answer and Counterclaim.[1] (Docket Entry 52.) The Answer asserts many defenses and raises a two-count false advertising counterclaim. (Answer at 36–37, ¶¶ 64–66.) The counts allege that Nationwide's ON YOUR SIDE and WE PUT MEMBERS FIRST BECAUSE WE DON'T HAVE SHAREHOLDERS Marks are "false or misleading" and that Nationwide's use of these marks has "caused irreparable financial and emotional damage" to Snyder. (*Id.*) Additionally, Snyder presented a false advertising defense that mirrors his counterclaim and several additional deficient affirmative defenses.

Snyder's false advertising counterclaim and defense, read as a whole, fail to articulate any basis suggesting that he has standing to bring a false advertising claim. For example, Snyder did not even attempt to explain how Nationwide's advertising caused his alleged injuries—

---

[1] Snyder has not retained counsel to represent OYSA, and "he does not plan to retain counsel on behalf of OYSA" (Initial Case Management Order (Docket Entry 57) at 3). On May 29, 2014, the Clerk entered default against OYSA. (Docket Entry 62.)

injuries that are not recognized under the Lanham Act. Additionally, Snyder's counterclaims failed to meet the requisite pleading standards, and his affirmative defenses did not meet the relevant pleading standards and presented incomplete arguments that could never succeed. Given these deficiencies, on May 30, 2014, Nationwide moved to dismiss Snyder's counterclaims and strike Snyder's corresponding affirmative defenses. (*See* Motion to Dismiss Defendant's Counterclaim ("Motion to Dismiss") (Docket Entry 64); Motion to Strike Defendant's Insufficient Defenses ("Motion to Strike") (Docket Entry 66).)

On June 30, 2014, Snyder filed responses to Nationwide's motions to dismiss and strike (Docket Entries 79–80). Snyder's responses did not attempt to rebut Nationwide's motions, but generally list ways in which Snyder sought to amend to remedy the defects. Snyder also filed a Motion for Leave to Amend (Docket Entry 81), seeking to amend certain of his previously asserted defenses and to assert new defenses.[2] Specifically, Snyder seeks to amend his first affirmative defense (fraudulent procurement), third affirmative defense (fair use), and unclean hands affirmative defense and to add a business-judgment-rule defense, a separation-from-the-corporation defense, and a plaintiff's-allegations-in-their-entirety-are-false defense. (*See* Mot. for Leave to Am. at 1; Proposed Am. Answer (Docket Entry 81-1) at 10–13 (fraudulent procurement); 14–16 (fair use); 23–26 (unclean hands); 26–29 (adding additional defenses).).

Snyder's proposed changes to his previously asserted defenses fail to save them from being stricken. His amended fraudulent procurement defense essentially repackages his un-amended false advertising defense by alleging that Nationwide's use of its uncontestable mark "ON YOUR SIDE" is false. His amended fair use defense adds words to track the statutory

---

[2] Thus, Snyder seeks to amend his answer 31 days after Nationwide filed its Motion to Dismiss and Motion to Strike, which is beyond the 21-day window provided by Fed. R. Civ. P. 15(a)(1) for an amendment without leave of court.

3

requirements, but it also adds admissions establishing as a matter of law that Snyder used ON YOUR SIDE as a trademark.  Finally, his amended unclean hands defense simply copies his amended fraudulent procurement defense and, therefore, fails for the same reasons as articulated in Nationwide's motion to strike.

Snyder's proposed new defenses fare no better.  His business-judgment-rule defense contends that Snyder's position as OYSA's President permits him to harm Nationwide's marks provided the infringement is an executive business decision.  (Proposed Am. Answer at 27–28.)  In his separation-from-the-corporation defense, Snyder argues his defaulted corporation shelters him from liability for his own actions.  (*Id.* at 28–29.)  Finally, Snyder's plaintiff's-allegations-in-their-entirety-are-false defense simply lodges one last general denial contesting the allegations in Nationwide's Complaint.  (*Id.* at 29.)  Because the amended and additional defenses Snyder seeks to assert fail as a matter of law, his proposed Amended Answer is futile, and Nationwide respectfully requests that the Court deny Snyder's Motion for Leave to Amend.

## II. APPLICABLE LEGAL STANDARDS

A court need not grant leave to amend when the amendment would be futile.  *Thiokol Corp. v. Dep't of Treasury, Mich.*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010).  Thus, when a proposed amendment "would not survive a motion to dismiss, the court need not permit the amendment."  *Thiokol*, 987 F.2d at 383.  The "same basic standard" applies to judging the futility of an affirmative defense.  *American Book Co. v. Consol. Group of Cos.*, No. 3:09-CV-112, 2011 U.S. Dist. LEXIS 665, at *3–4 (E.D. Tenn. Jan. 04,

4

2011) (quoting *Gore v. El Paso Energy Corp. Long Term Disability Plan*, No. 3:02-1008, 2008 U.S. Dist. LEXIS 9684, at *17 (M.D. Tenn. Feb. 8, 2008)).

### III. ARGUMENT

Snyder seeks leave to file an amended answer that admittedly does not even attempt to address all of the deficiencies Nationwide identified in its motions to strike and dismiss. (Mot. for Leave to Am. at 1 ("This 1st amended answer does not include any changes or additions to Snyder's affirmative defenses number 2, 4, or 5, his exhibits, or Defendant Snyder's counterclaims.").) Moreover, although he seeks to amend his first, third, and unclean hands defenses, he fails to remedy the errors identified in Nationwide's Motion to Strike.[3] In addition, even though he has previously denied liability on several grounds, his proposed new business-judgment-rule, separation-from-the-corporation, and plaintiff's-allegations-in-their-entirety-are-false defenses do not excuse Snyder's actions and would not survive a motion to strike as a matter of law. As a result, Snyder's proposed amendments are futile, and the Court should deny his Motion for Leave to Amend.

#### A. Snyder's amended fraudulent procurement defense is futile because he fails to assert his defense with the requisite particularity.

It would be futile for this Court to grant Snyder leave to amend his fraudulent procurement defense because Snyder does not fix the errors in his original pleading. As Nationwide noted in its Motion to Strike, the Federal Circuit has held that "a trademark is obtained fraudulently under the Lanham Act only if the applicant or registrant knowingly makes a false, material representation with the intent to deceive the PTO." *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009). Fraud must be pled with "particularity in accordance with Fed. R.

---

[3] *See* Mem. in Supp. of Pl.'s Motion to Strike (Docket Entry 67) at 4–6 (fraudulent procurement), 7–9 (fair use), and 13–14 (unclean hands).

Civ. P. 9(b)." *Asian and Western Classics B.V. v. Lynne Selkow*, 92 U.S.P.Q.2d 1478, 1478 (T.T.A.B. 2009).[4] Thus, a pleading must "contain explicit rather than implied expression of the circumstances constituting fraud." *Id.* "Pleadings of fraud made 'on information and belief,' when there is no allegation of 'specific facts upon which the belief is reasonably based' are insufficient." *Id.* at 1479.

As an initial matter, Snyder has not specifically identified the marks he seeks to challenge based on alleged fraudulent procurement. Nationwide has 15 federal registrations containing the words "On Your Side," and it has asserted eight On Your Side Marks in this case. (*See* Am. Compl., Ex. B.)[5] Snyder's proposed amended answer, however, confusingly purports to challenge "all," "many," and "several" of Nationwide's marks without ever identifying any mark(s) specifically.[6] This amorphous identification of Nationwide's marks does not satisfy Rule 9(b)'s particularity requirement because Nationwide and the Court are left to guess which marks Snyder seeks to challenge.

Snyder also fails to identify with any particularity the alleged false statements Nationwide made in prosecuting each challenged trademark before the PTO. Rather than identifying specific statements made during prosecution of the unidentified, challenged marks, Snyder's amended pleading focuses on the marks themselves and their post-allowance use. Snyder's post-allowance use argument rests upon an allegation contending that "on your side" is false because unidentified Nationwide adjusters "tell the insured that they are 'ON THEIR

---

[4] Both *In re Bose Corp.* and *Asian and Western Classics* were cited in Nationwide's Mem. in Supp. of Pl.'s Motion to Strike. (Mem. in Supp. of Pl.'s Motion to Strike at 4).

[5] Snyder does not explain why his affirmative defense should extend beyond the eight marks Nationwide has asserted in the case.

[6] In one sentence, Snyder claims that "all" of Nationwide's marks containing the words "on your side" were obtained fraudulently. (Am. Answer at 10.)[6]

6

Case 3:14-cv-00586    Document 97    Filed 07/25/14    Page 6 of 16 PageID #: 1285

SIDE'!" (Amended Answer at 13.) Because Snyder does not point to an actual, specific use of a false statement made during prosecution, these allegations, which the Court must accept as true, fall well short of Rule 9(b)'s heightened pleading requirements. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) ("Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO.").[7] Further, in the irrelevant post-use assertion, Snyder does not identify with particularity anyone who made the unspecified statement, what the exact statement was, when the statement was made, where it was made, or how it was material. *Id.*; *see also Zawod v. SIA "Baltmark Invest"*, 109 U.S.P.Q.2d 1680, 1686 (E.D. Va. 2013) (finding a fraudulent procurement defense in a trademark case failed to meet *Exergen's* pleading requirements); *Holley Performance Products, Inc. v. Quick Fuel Tech., Inc.*, No. 1:07-CV-00185, 2011 U.S. Dist. LEXIS 81710, at*10–11 (W.D. Ky. July 26, 2011) (finding defendants' allegations of fraudulent trademark procurement failed to satisfy Rule 9(b), the Sixth Circuit's general fraud-pleading standards, or the Tenth Circuit's fraudulent procurement test because they did not allege, *inter alia*, an injury). By relying upon non-specific allegations and a manufactured allegation, Snyder's amended defense fails as a matter of law and thus should be stricken as insufficient.

In addition to failing to identify a false statement, Snyder has not explained how any alleged false statement was material to allowance for each challenged mark. Rather, Snyder simply states that "[b]y use of the Plaintiffs (*sic*) false representation to the PTO, the Plaintiff was able to obtain several 'On Your Side' trademarks that have been and are currently being

---

[7] In *Asian and Western Classics*, 92 U.S.P.Q.2d 1478, 1478 (T.T.A.B. 2009), the Trademark Trial and Appeal Board applied *Exergen* to administrative trademark proceedings. The Federal Circuit has also explained that "*Exergen's* pleading requirements apply to all claims under Rule 9(b), not just inequitable conduct cases." *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011).

7

used[.]"  (Amended Answer at 11 (emphasis removed).)  Snyder points to nothing in the trademark application file histories to support his statements, nor does he even acknowledge that an examining attorney reviewed each application and concluded that Nationwide's applications should issue as registrations.  *See* 35 U.S.C. § 1062 (providing the statutory authority for examination); The Trademark Manual of Examining Procedure ("TMEP") (Apr. 2014 Version) § 705 ("If an examining attorney determines that a mark is not entitled to registration, or that amendment is required, the examining attorney will notify the applicant in a written Office action, or by e-mail or telephone communication, which is typically followed by a written action.  This constitutes the examining attorney's official action.").[8]  In sum, no averments are made suggesting that the PTO relied upon any false statements when allowing Nationwide's trademark applications to issue as registered marks.  This failure is fatal because a pleading must explain how the false statement influenced the examining attorney's decision to allow the application.  Accordingly, Snyder's amended defense is subject to being stricken for this additional reason.

Finally, Snyder has not alleged that Nationwide intended to deceive the PTO.  The Federal Circuit has ruled that "fraud can only be found if there is 'a willful intent to deceive.'"  *Bose*, 580 F.3d at 1246.  Thus, mere identification of a false statement does not suffice because a party pleading fraudulent procurement must allege that the false statement was "uttered with the intent to mislead the PTO."  *Id.* (quoting *Metro Traffic Control, Inc. v. Shadow Network Inc.*, 104 F.3d 336 (Fed. Cir. 1997) (quotation omitted)).  Allegations based on a belief that additional evidence may be uncovered "do not constitute pleading of fraud with particularity."  *Asian and Western Classics*, 92 U.S.P.Q.2d at 1479.  Here, Snyder's generalized allegations do not allege,

---

[8] A copy of the TMEP is available at http://www.uspto.gov/trademarks/resources/TMEP_archives.jsp (last visited July 15, 2014).

8

let alone with the requisite particularity, that anyone involved in the prosecution of Nationwide's trademarks applications intended to deceive the PTO. Likewise, Snyder puts forth no "sufficient underlying facts from which a court may reasonably infer that [Nationwide] acted with the requisite state of mind" in its communications with the Patent Office. *See Asian and Western Classics*, 92 U.S.P.Q.2d at 1479. Absent any allegations of Nationwide's intent to deceive the PTO, Snyder's amended fraudulent procurement defense is still insufficient and subject to being stricken. As a result, it would be futile for the Court to grant Snyder leave to amend.

> **B.    Snyder's amended fair use defense does not remedy the deficiencies Nationwide identified in its Motion to Strike and, thus, is futile.**

Snyder's proposed amended answer also fails to correct the deficiencies in his original fair use defense (i.e., that Snyder failed to allege any facts to support a finding that he used ON YOUR SIDE "otherwise than as a mark"). Snyder now contends that he used "On Your Side" "as a company name and not as a trademark" (Am. Answer at 15), and that his use of "On Your Side" as a company name was "***no more prominent than any other company name***[,] [and] therefore, comes within the ambit of the 'Fair Use' defense." (*Id.* at 16 (emphasis in original).) The remainder of Snyder's fair use defense has not been amended.

Snyder's use of Nationwide's ON YOUR SIDE mark in his company's name does not shield him from liability under the fair use defense—especially where, as here, the facts alleged by Snyder establish that the name clearly aims to inform the public that the services offered under the OYSA name emanate from a single source. *See The Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998) ("A trademark is a designation, 'any word, name, symbol, or device, or any combination thereof,' which serves 'to identify and distinguish [the] goods [of the mark's owner] ... from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown.'" (quoting 15

U.S.C. § 1127)).  In other words, Snyder has used "On Your Side" as a trademark.  *Id.* at 755 (noting that the "[c]onsistent and repetitive use of a designation as an indicator of source is the hallmark of a trademark."); *see also R. J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, No. 99-C-1174, 2001 U.S. Dist. LEXIS 8896, at *14–18 (N.D. Ill. June 28, 2001) (granting plaintiff's motion to strike defendant's nominative fair use defense as "legally insufficient" where defendant improperly used plaintiff's marks to refer to defendant's products).

In his proposed amended answer, Snyder admits that he "picked the name ON YOUR SIDE ADJUSTERS, INC. as a way to easily explain to potential clients **what type of service his company offered**." (Am. Answer at 36, ¶ 29 (emphasis added).)  Snyder's use of Nationwide's ON YOUR SIDE Marks to identify his services and distinguish his services from those offered by other companies constitutes use as a trademark.  *See Sands, Taylor & Wood Co. v. The Quaker Oats Co.*, 978 F.2d 947, 953 (7th Cir. 1992) ("A word or phrase functions as a trademark when it is used by a source of a product to identify itself to the public as the source of its product and to create in the public consciousness an awareness of the uniqueness of the source and of its products." (quotation omitted)).  This conclusion is further supported by OYSA's website, which included the following representations:

- "***On Your Side Adjusters Inc., is*** licensed in and currently operates in Tennessee, Kentucky, Georgia, and both North and South Carolina.  We are ***a full service public adjusting firm*** that handles just about any size project."  (Am. Compl., Ex. K at 1 (emphasis added).)

- ***"Our public adjusters will document and handle your insurance claim from start to finish . . . Remember, your insurance company has adjusters on their side, and thats (sic) why you need experienced 'On Your Side Adjusters'***."  (Am. Compl., Ex. K at 1 (emphasis added).)

Similarly, Snyder's prominent use of the "On Your Side" mark as the dominant part of his company's logo is inconsistent with his claim that his use was a descriptive, non-trademark use:

10



Additionally, nothing in the amended pleading addresses Nationwide's prior observations that Snyder has admitted to having used ON YOUR SIDE in advertising, marketing, and generating new business, (Answer at 6, ¶30), or that Snyder reproduced ON YOUR SIDE prominently in connection with Defendants' Facebook page, letterhead, logos, domain name, and various promotional materials that were designed to convey that Defendants' goods emanated from a single source. (*See* Motion to Strike at 8.)

In the face of Snyder's allegations and the representations made on OYSA's website, which the Court must accept as true, Snyder's fair use defense fails as a matter of law and cannot be saved by a conclusory statement that he used "On Your Side" solely as a company name and not as a trademark. As a result, it would be futile for the Court to grant Snyder leave to file his proposed amended answer.

### C. Snyder's unclean hands defense merely repackages his false advertising defense and is insufficient for the same reasons articulated in Nationwide's Motion to Strike.

Snyder's original unclean hands defense stated that "Plaintiff comes to this [C]ourt with unclean hands." (See Am. Answer at 23). Snyder's proposed amendments to this defense merely reproduce, verbatim, Snyder's amended fraudulent procurement defense, which simply repackages his un-amended false advertising defense.

Snyder's proposed unclean hands defense is insufficient and subject to being stricken for several independent reasons. First, because Snyder's unclean hands defense mirrors his false

11

advertising defense, it should be stricken for the same reasons articulated in Nationwide's Motion to Strike Snyder's false advertising defense. (*See* Mem. in Supp. of Pl.'s Mot. to Strike at 9.)

Second, this defense should be stricken based solely on the grounds that it is redundant of the false advertising defense. A defense is redundant of another defense when resolution of the latter will resolve the former. *See Tyco Fire Products LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 903 (E.D. Pa. 2011) (finding defendant's unenforceability defense redundant where it was "effectively the same as [defendant's] averment of invalidity or the other defenses pled" and defendant argued that the patent-in-suit was "unenforceable against Defendant because of Defendant's other affirmative defenses."). Here, because of the way Snyder has pled his unclean hands defense, resolution of the false advertising defense will resolve the unclean hands defense. As a result, even if permitted to amend his answer, Snyder's unclean hands defense should be stricken. *See Castaline v. Aaron Mueller Arts*, No. C 09-02543, 2010 U.S. Dist. LEXIS 13111, at *7 (N.D. Cal. Feb. 16, 2010) (striking a fraudulent procurement defense where the fraud defense sought the same relief as the underlying affirmative defenses it depended upon).

Finally, Snyder's unclean hands defense fails as a matter of law because he has not identified a cognizable detriment he suffered as a result of Nationwide's actions. It is well established that an unclean hands defense must "relate[] to the matter at issue to the detriment of the other party." *See Lucky's Detroit, LLC v. Double L, Inc.*, 533 Fed. App'x 553, 562 (6th Cir. 2013). Not only does Snyder fail to identify a cognizable detriment he suffered related to Nationwide's actions, but he also could not have suffered a detriment since he started OYSA "with knowledge of Nationwide's longstanding use of the ON YOUR SIDE [M]arks and taglines." (Answer at 6, ¶ 30.)

12

For all these reasons, Snyder's motion for leave to file an amended answer asserting an unclean hands defense should be denied as futile.

### D. Corporate officers may be held liable for infringing actions under the Lanham Act, and, thus, Snyder's business-judgment-rule defense is futile.

Snyder's new business-judgment-rule defense, which contends that Snyder's position as OYSA's President permits him to authorize infringement and harm Nationwide's marks in the course of business, is insufficient as a matter of law because courts in the Sixth Circuit have held officers like Snyder personally liable for trademark infringement.[9]

Nationwide has sued Snyder in his individual capacity as an officer of OYSA. District courts "within the Sixth Circuit have held that employees and corporate officers can be held individually liable under the Lanham Act." *State Farm Mutual Automobile Ins. Co. v. Sharon Woods Collision Ctr., Inc.*, No. 1:07-cv-457, 2007 U.S. Dist. LEXIS 86651, at *3–6 (S.D. Ohio Nov. 26, 2007) (collecting cases). "Several circuit courts have held similarly." *Id.* (collecting cases, and citing *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161 (11th Cir. 1994) for the proposition that a "corporate officer who directs, controls, ratifies, participates in, or is [the] moving force behind infringing activity is personally liable for trademark infringement without regard to piercing of [the] corporate veil"); *see also Coach, Inc. v. Bros. Gas & Mart, Inc.*, No. 12-cv-10609, 2013 U.S. Dist. LEXIS 49944, at *8–9 (E.D. Mich. Apr. 08, 2013) (collecting cases and finding defendants individually liable).

---

[9] Snyder's defense consists of four paragraphs. Two of the paragraphs are verbatim reproductions of Brandon J. Stout's law review note, and the fourth paragraph is a citation to the article. (Amended Answer at 26–28 (citing Stout, *Corporate Directors [and Officers] Making Business Judgment in Tennessee: The Business Judgment Rule*, 44 U. Mem. L. Rev. 455 (2013).

13

The law is clear that Nationwide can sue Snyder in his personal capacity as an officer of OYSA. Snyder's new proposed defense is futile because it is insufficient and would not survive a motion to strike. Thus, the Court should deny Snyder's Motion for Leave to Amend.

E. **Snyder's separation-from-the-corporation defense is futile for the same reasons his business-judgment-rule defense is futile.**

In his separation-from-the-corporation defense, Snyder contends he is not liable because he "took all actions and made all decisions on behalf of [OYSA.]" (Am. Answer at 28.) In so doing, however, Snyder admits he directed, controlled, ratified, participated in, and was the moving force behind the infringing activity. Under *State Farm*, *supra*, Snyder is individually liable under the Lanham Act. Accordingly, this newly proposed defense, like the business-judgment-rule defense above, is futile because it is insufficient and would not survive a motion to strike. Thus, the Court should deny this portion of Snyder's Motion for Leave to Amend.

F. **Snyder's plaintiff's-allegations-in-their-entirety-are-false defense is a frivolous, non-substantive denial that does not save Snyder's futile pleading.**

Snyder's final newly proposed defense asserts that he is not liable because Nationwide's "allegations in their entirety are false." This "defense" is a general denial, and it is duplicative of the other broad denials Snyder has advanced. The Court should not allow this defense because it would not survive a motion to dismiss on redundancy grounds. Thus, the Court should deny Snyder's Motion for Leave to Amend.

IV. **CONCLUSION**

Each one of Snyder's proposed amended and newly asserted defenses is insufficient as a matter of law, which thereby renders his motion for leave to amend futile. Accordingly, Nationwide respectfully requests the Court to deny Snyder's Motion for Leave to Amend.

14

Case 3:14-cv-00586 Document 97 Filed 07/25/14 Page 14 of 16 PageID #: 1293

Dated: July 25, 2014

Respectfully submitted,

*/s/ Aneca E. Lasley*

Steven M. Auvil (Admitted *PHV*)
John J. Thuermer (Admitted *PHV*)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
216.479.8500
steven.auvil@squirepb.com
john.thuermer@squirepb.com

Aneca E. Lasley  (Admitted *PHV*)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
614.365.2830
aneca.lasley@squirespb.com

Salvador M. Hernandez (Bar No. 020121)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Ave.
Nashville, TN 37203
(216) 320-3700
shernandez@rwjplc.com

*Attorneys for Plaintiff*
NATIONWIDE MUTUAL INSURANCE COMPANY

15

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing has been served upon Defendants via U.S. mail at:

      On Your Side Adjusters Inc.
      615 Newton Lane
      Gallatin, Tennessee  37066-8763

      Jeremy Snyder
      615 Newton Lane
      Gallatin, Tennessee  37066-8763

on this 25th day of July, 2014.

                                            s/  Salvador M. Hernandez