UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ON YOUR SIDE ADJUSTERS INC., and MR. JEREMY SNYDER<br><br>Defendants. | Civil Action No.: 3:14-cv-00586<br><br>Judge Trauger<br><br>Magistrate Judge Brown |

BENCH BRIEF REGARDING ISSUES FOR
JULY 30, 2014 STATUS CONFERENCE

On July 22, 2014, Nationwide requested an expedited status conference to address Defendant Jeremy Snyder's escalating public relations attack. Although the Court has granted Nationwide's Motion and set a status conference for July 30, 2014, Mr. Snyder raised a number of matters in his July 22, 2014 Opposition Brief that Nationwide briefly addresses below to clarify the issues for the status conference.

A. **Nationwide Seeks Specific, Targeted Relief—Not a Gag Order.**

Nationwide does not ask the Court for a blanket order prohibiting Mr. Snyder from talking about any of the issues in this case. To the contrary, Local Rule 83.03 recognizes that courts should reach a balance between a party's right to speak and comment on matters and the opposing party's right to receive a fair and efficient trial free from harassment and slanderous accusations. Nationwide's Motion asks the Court to restore that balance by prohibiting Mr. Snyder from (1) harassing Nationwide's agents, and (2) commenting on the case in a manner that

violates Local Rule 83.03 or that compromises "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also* L.R. 16.01(a).

### B. The Court has the Power to Restrict Mr. Snyder's Improper Attacks.

Mr. Snyder argues that any attempt to restrict his attacks on Nationwide would violate his constitutional right to free speech. (Opposition at 6). With this argument, Mr. Snyder fails to address the numerous cases cited in Nationwide's Motion that illustrate that courts do indeed have the power to restrict a party's conduct outside the litigation in order to prevent harassment or interference with the orderly administration of justice. (*See* Motion at 5-6). Mr. Snyder also fails to address Local Rule 83.03, which prohibits the kinds of extrajudicial statements he has been making. The Court can certainly enforce its own Rules and preserve Nationwide's right to a fair trial, uninfected by Mr. Snyder's self-proclaimed "media circus" he is attempting to create. The comments to Model Rule of Professional Conduct 3.6, which Local Rule 83.03 tracks, specifically note that "[p]reserving the ***right to a fair trial*** necessarily entails some curtailment of the information that may be disseminated about a party prior to trial" (emphasis added). .

### C. Mr. Snyder's Public Attacks are Not "News."

Mr. Snyder also claims a right to "freedom of press" and suggests that he is merely providing "news on the case." (Opposition at 6). That argument also fails. While Tennessee does provide a qualified privilege for reporting news on litigation, it does not apply here. The fair report privilege only applies if a report is "a fair and accurate summation of the proceeding," and if it displays ***"balance and neutrality."*** *Lewis v. NewsChannel 5 Network, L.P.*, 238 S.W.3d 270, 284 (Tenn. App. 2007) (emphasis added). Furthermore, a news report may not contain "any garbled or one-sided account of the proceeding, or any defamatory observations or comments." *Id.* The Sixth Circuit has enforced the "balance and neutrality" requirements and refused to extend the fair report privilege to one-sided reports of litigation. *Street v. National Broadcasting*

*Co.*, 645 F.2d 1227, 1233 (6th Cir. 1981) ("Under such circumstances the common law privilege permitting publication of defamatory material as a part of a fair and accurate report on judicial proceedings is not satisfied. The element of balance and neutrality is missing.").

Mr. Snyder's public attacks on Nationwide are not "news." He does not claim to be providing a balanced or neutral report on this litigation. He is only publishing his one-sided, defamatory accusations to the public and to Nationwide's agents. Tennessee's fair report privilege does not protect such conduct.

### D. Mr. Snyder's Purported Justifications for his Attacks do Not Excuse his Misconduct.

Mr. Snyder argues that he had to resort to these public statements and filings because Nationwide moved to dismiss his counterclaims on the ground that the Court lacks jurisdiction over insurance law violations. (Opposition at 6-7). Obviously, the Court has not yet ruled on that issue. But more importantly, Mr. Snyder has been threatening Nationwide with public relations attacks long before Nationwide ever raised this jurisdictional issue. Indeed, on March 31, 2014, Mr. Snyder threatened to send complaints to "state and federal agencies, internet policing sites, insurance commissioners from every state, radio stations, newspapers, television and news stations, major bloggers, Nationwide agents, the FTC, all local BBB offices, etc." Yet it was on May 30—*two months later*—that Nationwide first raised the jurisdiction issue in its Motion to Dismiss. (*See* Docket Entry Nos. 64, 65). Mr. Snyder's plan to attack Nationwide publicly simply has nothing to do with Nationwide's jurisdictional argument.

Second, Mr. Snyder claims that he is making these public statements out of concern for policyholders and the public in general. His history of threats and demands to Nationwide tell a very different story. On March 24, 2014, Mr. Snyder threatened to create "a dragged out court case and media circus" if Nationwide did not pay him $2,500,000. Then on March 31, 2014, Mr.

- 3 -

Case 3:14-cv-00586 Document 100 Filed 07/30/14 Page 3 of 5 PageID #: 1307

Snyder increased his price to $3,000,000 and expanded his threats of a public relations attack, as noted above. The current wave of public relations attacks started, not coincidentally, immediately after Mr. Snyder terminated settlement discussions.

Dated: July 29, 2014

Respectfully submitted,

/s/ Aneca E. Lasley
Steven M. Auvil (Admitted *PHV*)
John J. Thuermer (Admitted *PHV*)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
216.479.8500
steven.auvil@squirepb.com
john.thuermer@squirepb.com

Aneca E. Lasley (Admitted *PHV*)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
614.365.2830
aneca.lasley@squirespb.com

Salvador M. Hernandez (Bar No. 020121)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Ave.
Nashville, TN 37203
(216) 320-3700
shernandez@rwjplc.com

*Attorneys for Plaintiff*
NATIONWIDE MUTUAL INSURANCE COMPANY

- 4 -

Case 3:14-cv-00586   Document 100   Filed 07/30/14   Page 4 of 5 PageID #: 1308

## **CERTIFICATE OF SERVICE**

I certify that on July 29, 2014, a copy of the foregoing was served via e-mail and U.S. mail upon the following:

>On Your Side Adjusters Inc.
>615 Newton Lane
>Gallatin, Tennessee 37066-8763
>
>Jeremy Snyder
>615 Newton Lane
>Gallatin, Tennessee 37066-8763

>/s/ Aneca E. Lasley
>One of the Attorneys for Plaintiff
>NATIONWIDE MUTUAL INSURANCE COMPANY