```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

NATIONWIDE MUTUAL            )
INSURANCE COMPANY,           )
                             )
        Plaintiff            )
                             )     No. 3:14-0586
v.                           )     Judge Trauger/Brown
                             )     **Jury Demand**
ON YOUR SIDE ADJUSTERS, INC.,)
and JEREMY SNYDER,           )
                             )
        Defendants           )

## **O R D E R**

A hearing was held July 30, 2014, in this matter on Nationwide's concern about excessive prejudicial publicity.

As an initial matter, although Mr. Snyder is proceeding *pro se*, he is bound by the rules of conduct that apply to attorneys. In particular, under Rule 83 of the Local Rules his comments should be limited to the public record in this case. To the extent Mr. Snyder wishes to file complaints with various insurance commissioners, he may do so. However, communications to Nationwide agents that they should cease and desist the use of the "On Your Side" slogan are clearly inappropriate. Communications about this case with agents and employees of Nationwide must be done through their attorneys.

To what extent communications on social and other media about this case constitute violation cannot be determined by the Magistrate Judge at this point. However, sanctions under 28 U.S.C. § 1927 and Rule 11, are available if appropriate. While a *pro se* attorney is entitled to some leeway, there is no wholesale

exemption from the rules applicable to litigants who are *pro se*. There are a number of communications which Nationwide has pointed out that raise concern. Nationwide pointed out that there were web sites which they believed were connected to Mr. Snyder, but did not bear his name. The Magistrate Judge would take a dim view of an effort to use an anonymous facebook posting or web site, which is controlled by a party. Inappropriate matters on such sites would be the responsibility of the individual controlling that site or posting the material. As explained during the course of the hearing, there are a number of slippery slopes in this area and all parties would be well-advised to stay back from the precipice of these slopes.

During the course of the hearing Nationwide raised the issue that the Defendant had not provided his initial disclosures as set forth in the scheduling order. The parties are reminded that, absent a court order, the filing of motions does not stay other deadlines in the case. Mr. Snyder should provide his initial disclosures concerning his defenses and counterclaims by the close of business on **August 7, 2014**.

The possibility of settlement was mentioned during the course of the hearing and the Magistrate Judge would strongly encourage the parties to see if they could resolve this matter. In that connection, the parties were advised that the Magistrate Judge stands ready to assist with alternative dispute resolution by a referral to another Magistrate Judge, if one is available. The cost in time, effort, and money to all parties increases the longer the

case goes on. In that connection, the more the parties stir the pot in pleadings and on social media, the more difficult it becomes to reach a resolution of the matter.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge